UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY MCLENDON** | * | **CIVIL ACTION NO: 3:19-cv-803** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| versus | * | |
| | * | **JUDGE:** |
| **TENNESSEE FARMERS** | * | |
| **MUTUAL INSURANCE** | * | |
| **COMPANY, JASON** | * | |
| **REISENBERG, and** | * | |
| **PROGRESSIVE PALOVERDE** | * | **MAGISTRATE:** |
| **INSURANCE COMPANY** | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT AND NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Progressive Paloverde Insurance Company, who respectfully states:

1.

This action has been brought in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, by the service of a Petition for Damages and a Citation on the

Defendant.[1] The action brought in the 19th Judicial District Court for the Parish of East Baton Rouge, bears the Number 689267, Division "24" and is titled "Rodney McLendon versus Tennessee Farmers Mutual Insurance Company, Jason Reisenberg, and Progressive Paloverde Insurance Company".

2.

This action is a civil action brought by the Plaintiff, seeking to recover damages from an automobile accident that occurred on or about November 30, 2018 near the intersection of Airbase Road and West Calhoun Drive in Rapides Parish, Louisiana.

3.

This Court has diversity jurisdiction over this matter under 28 U.S.C. §1332. This action involves a controversy that is wholly between citizens of different states. Plaintiff, Rodney McLendon is alleged to be resident and domiciled in the Parish of LaSalle, State of Louisiana.[2] Defendant, Jason Reisenberg is alleged to be resident and domiciled in the County of Clark, State of Nevada.[3] On information and belief, Tennessee Farmers Mutual Insurance Company is incorporated in Tenessee, with its principal place of business in the same state.[4] Accordingly, Tennessee Farmers Mutual Insurance Company is deemed to be a citizen of the State of Tennessee. Defendant, Progressive Paloverde Insurance Company is incorporated in Indiana with its principal place of business in Ohio.[5] Accordingly, Progressive Paloverde Insurance Company is deemed to be a citizen of the States of Indiana and Ohio.

---

[1] *See* Plaintiffs' Petition for Damages, attached hereto as Exhibit 1.
[2] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit 1.
[3] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit 1.
[4] *See* Tennessee Department of State Filing Information report attached hereto as Exhibit 2.
[5] *See* Louisiana Department of Insurance Documents and Indiana Secretary of State Documents for Progressive Paloverde Insurance Company attached hereto as Exhibit 3 *in globo*.

4.

This suit arises out of a motor vehicle accident that occurred on or about November 30, 2018 in Rapides Parish, Louisiana. Progressive Paloverde Insurance Company issued a policy of uninsured motorist insurance to plaintiff, Rodney McLendon.

5.

The Plaintiff's Petition is silent as to the amount in controversy.

6.

In an effort to determine whether amount in controversy exceeded $75,000, Defendant specifically requested a damage stipulation that the amount in controversy was less than $75,000.[6]  Defendant allowed Plaintiff's counsel until November 7, 2019 to accept the stipulation or the amount in controversy would be confirmed as exceeding the jurisdictional minimum $75,000 for removal to federal court, and no response has been received. This Court has previously "suggested that failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy is in excess of the requisite amount".[7] Plaintiffs have been offered the opportunity to stipulate that the amount in controversy is below $75,000, but have declined to do so.

7.

Moreover, removal is proper under 28 U.S.C. §1446(c)(2) because a preponderance of the evidence supports that the amount in controversy as alleged in the Petition for Damages exceeds the requisite $75,000, exclusive of interest and costs, at the time of filing of this Complaint and Notice of Removal. Plaintiff has alleged that the accident caused injuries to his

---

[6] *See* October 30, 2019 letter to Plaintiff's Counsel and Damage Stipulation attached as Exhibit 4.
[7] *Broadway v. Wal-Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 15632 (E.D. La. Oct. 18, 2000) citing to *Reid v. Delta Gas*, 837 F. Supp. 751 (M.D. La. 1993).

entire spine, back, neck, chest, and both hips.[8] Plaintiff claims that as a result of these injuries he has incurred medical expenses and lost wages, and will incur future medical expenses, lost wages, and lost earning capacity.[9] Such allegations indicate that Plaintiff considers his injuries to be severe, and thus, costly. In addition to the Plaintiff's refusal to sign a damage stipulation, the claims and submissions from Plaintiffs clearly demonstrate that they are seeking an amount in excess of $75,000, which is sufficient to satisfy the amount in controversy requirement.

8.

Pursuant to the provisions of 28 U.S.C §1441, *et seq.*, this case has been removed to the United States District Court for the Middle District of Louisiana.

9.

Accordingly, Defendant timely brings this removal less than thirty (30) days after discovering that diversity jurisdiction existed, specifically the date of October 22, 2019, when Defendant was made aware of the suit by service of the same on the Louisiana Secretary of State.

10.

Moreover, this Complaint and Notice of Removal is being filed less than one year after the filing of the Petition for Damages by the Plaintiffs. The underlying lawsuit was filed into the record of the 19th Judicial District Court for the Parish of East Baton Rouge on October 15, 2019, so removal is timely in accordance with 28 U.S.C § 1146 (b).

11.

Simultaneous with the filing of this Complaint, written notice of removal is being given to all adverse parties and a copy of the Complaint and Notice of Removal will be filed with the

---

[8] *See* Plaintiffs' Petition for Damages, attached hereto as Exhibit 1.
[9] *See* Plaintiffs' Petition for Damages, attached hereto as Exhibit 1.

Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to effect a removal of this civil action to this Honorable Court, as provided by law.

**WHEREFORE**, Defendant, Progressive Paloverde Insurance Company, prays that this Complaint and Notice of Removal be accepted as good and sufficient, that the aforesaid civil action be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Honorable Court for trial and a determination as provided by law, and this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings of such civil action from the Parish of East Baton Rouge, State of Louisiana, and there upon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: _/s/ Jason P. Foote_
**JASON P. FOOTE (#25050)**
**DEVIN CABONI-QUINN (#35447)**
2821 Richland Ave., Suite 202
Metairie, Louisiana 70002
Telephone: 504-324-8585
Facsimile: 504-324-8496
*Attorney for Progressive Paloverde Insurance Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 20, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

                                          */s/ Jason P. Foote*
                                          **JASON P. FOOTE**