UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RODNEY MCLENDON                                          CIVIL ACTION NO.

VERSUS                                                   19-803-JWD-EWD

TENNESSEE FARMERS
MUTUAL INSURANCE COMPANY, ET AL.

## NOTICE AND ORDER

On October 15, 2019, Plaintiff Rodney McLendon ("Plaintiff"), filed a Petition for Damages (the "Petition") naming as defendants Tennessee Farmers Mutual Insurance Company, Jason Riesenberg, and Progressive Paloverde Insurance Company ("Progressive") for injuries allegedly sustained in a November 30, 2018 motor vehicle accident.[1] On November 20, 2019, Progressive removed this action, asserting that federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.[2]

With respect to the amount in controversy, Plaintiff alleges that as a result of the motor vehicle accident, he "suffered injuries, damages and losses, including, but not limited to, mental and physical pain and suffering in connection with injuries to his entire spine, including the back and neck, chest, both hips, and other bodily injuries, as well as past and future medical expenses, loss of earning capacity, lost wages and future loss of wages, and other damages…."[3] In addition to relying on this boilerplate listing of Plaintiff's damages to support its position that the amount in controversy is met, Progressive avers that it "specifically requested a damage stipulation that

---

[1] R. Doc. 1-2.

[2] R. Doc. 1. Per the Petition, Plaintiff is domiciled in Louisiana and Jason Riesenberg is domiciled in Nevada. R. Doc. 1-2, p. 1. Progressive avers that Tennessee Farmers' Mutual Insurance Company is incorporated in Tennessee with its principal place of business in Tennessee and that Progressive is incorporated in Indiana with its principal place of business in Ohio. R. Doc. 1, ¶ 3.

[3] R. Doc. 1-2, p. 3, ¶ 8.

the amount in controversy was less than $75,000. Defendant allowed Plaintiff's counsel until November 7, 2019 to accept the stipulation or the amount in controversy would be confirmed as exceeding the jurisdictional minimum $75,000 for removal to federal court, and no response has been received."[4]

While Progressive asserts that it provided Plaintiff "the opportunity to stipulate that the amount in controversy is below $75,000" but that Plaintiff has declined to do so,[5] Progressive also states that it has received no response to its request for a stipulation. Accordingly, it is not clear whether this is a situation in which Plaintiff has refused to stipulate because Plaintiff believes his damages exceed the jurisdictional threshold or is instead a situation in which Plaintiff does not know the full extent of his damages. In any event, this Court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis.[6] Moreover, there is no information about Plaintiff's incurred medical expenses or the amount of Plaintiff's lost wages. "Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[7] The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy is met.

---

[4] R. Doc. 1, ¶ 6.

[5] R. Doc. 1, ¶ 6.

[6] *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017). Progressive asserts that "[t]his Court has previously 'suggested that the failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy is in excess of the requisite amount.'" R. Doc. 1, ¶ 6 (citing *Broadway v. Wal-Mart Stores, Inc.*, Civil Action No. 00-1893, 2000 WL 1560167 (E.D. La. Oct. 18, 2000) (citing *Reid v. Delta Gas, Inc.*, 837 F.Supp. 751, 752 (M.D. La. 1993) ("In the present case, counsel for plaintiffs refuses to stipulate that the amount in controversy is less than $50,000, in spite of counsel's 'good faith belief' that the jurisdictional minimum is not met.")). Setting aside the fact that Progressive appears to be relying primarily on a statement from the Eastern District of Louisiana and that court's reading of a case from this district, this Court has recently explained that failure to stipulate is only one factor that the Court may consider when determining whether the removing party has met its burden of establishing federal subject matter jurisdiction.

[7] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).

Accordingly,

**IT IS HEREBY ORDERED** that on or before **December 9, 2019** Progressive Paloverde Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **December 19, 2019** Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Progressive Paloverde Insurance Company has established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 2, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**